## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LEO JOSEY**                                              **CIVIL ACTION**

**VERSUS**                                                   **NO. 14-654**

**TIMOTHY KEITH, WARDEN**                       **SECTION "J"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.[1]

### I. *Procedural history*

Petitioner, Leo Josey, is a state prisoner incarcerated in the Winn Correctional Center, in Winnfield, Louisiana. On October 20, 1998, he pleaded guilty to aggravated burglary and

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

second degree kidnapping.[2]   In exchange for his guilty pleas, Josey received concurrent sentences of twenty (20) years imprisonment on each count.   As part of the agreement, if the State subsequently proved that he was a multiple offender, any enhanced sentence imposed would be for the same term of twenty (20) years.[3]   The State filed a multiple offender bill of information charging Josey as a second-felony offender as to the second degree kidnapping count.  After a hearing on January 11, 1999, the trial court adjudicated Josey as a second-felony offender, vacated his original sentence and imposed the same twenty (20) year sentence, in accordance with the previous agreement.[4]   He did not seek direct appeal of his convictions or sentences.

On or about August 5, 2003, Josey filed, through counsel, a motion to review and correct an illegal sentence in the state district court.[5]   He argued that his sentences were illegal and his plea was not voluntarily or intelligently entered because the trial court failed to advise him

---

[2] State Rec., Vol. 1 of 2, Bill of Information; see also minute entry of October 20, 1998 and State Rec., Vol. 2, copy of *Boykin* examination transcript.

[3] State Rec., Vol. 1, Waiver of constitutional rights plea of guilty form.

[4] State Rec., Vol. 1, Minute entry of January 11, 1999 and Docket master entry for the same date.  An oral motion to withdraw the guilty plea was also denied.  As pointed out by the Louisiana Fourth Circuit Court of Appeal upon its subsequent review of the sentences imposed, the entries indicate that the sentence as to count one, rather than count two, was vacated, when in fact the State filed a multiple bill as to count two.  State Rec., Vol. 1, *State v. Josey*, 2004-K-0045 (La. App. 4th Cir. June 4, 2004) (unpublished writ ruling).  This error, however, was later corrected by the state trial court.  State Rec., Vol. 1, Minute entry of December 20, 2004.

[5] State Rec., Vol. 1, Minute entries of August 5, 2003 and September 15, 2003.  The docket master reflects that the motion was initially filed in Section "F," but ultimately transferred to the correct section of court, Section "E."

properly of the correct minimum and maximum penalty ranges. On or about November 6, 2003, the state district court granted relief, set aside Josey's sentences and allowed him to withdraw his guilty plea. However, on June 4, 2004 — upon the State's application for supervisory review — the Louisiana Fourth Circuit Court of Appeal reversed the ruling of the state district court and reinstated Josey's convictions and sentences.[6]  Josey did not seek further review of that ruling in the Louisiana Supreme Court.  On December 20, 2004, the trial court reinstated Josey's previous sentences.[7]

On or about December 14, 2006, Josey filed a *pro se* motion to correct an illegal sentence in the state district court.[8]  He also purportedly filed an application for post-conviction relief in the state district court on December 16, 2006.[9]  On February 7, 2008, the

---

[6] State Rec., Vol. 1, *State v. Josey*, 2004-K-0045 (La. App. 4th Cir. June 4, 2004) (unpublished writ ruling).  The court of appeal found that the sentences imposed were legal. As to the validity of his guilty plea, the court of appeal found that any such claim properly raised by application for post-conviction relief was untimely, and in any event, meritless because the trial court's failure to have advised Josey of the correct sentencing ranges did not vitiate his guilty plea.

[7] State Rec., Vol. 1, Minute entry of December 20, 2004; see also Sentencing order of 12/20/04.

[8] State Rec., Vol. 1, Motion to correct illegal sentence filed December 14, 2006.

[9] State Rec., Vol. 2, Application for post-conviction relief.  The application in the state court record is neither dated nor file-stamped as received and filed by the district court. However, Petitioner asserted in his petition for mandamus that he filed the post-conviction relief application on this date.  As the State adopts and uses this date in its response, the Court will likewise assume it was filed on December 16, 2006.

district court denied Josey's motion to correct an illegal sentence.[10]  On or about March 31, 2008, Josey petitioned the court of appeal for a writ of mandamus and order directing the district court to rule on his post-conviction relief application.[11]   On May 21, 2008, the court of appeal issued a ruling that it had reviewed and found without merit the claims raised in Josey's application for post-conviction relief, and accordingly, denied mandamus relief.[12]  On March 27, 2009, the Louisiana Supreme Court denied his related supervisory writ application as untimely under Louisiana Code of Criminal Procedure article 930.8 and procedurally barred under Louisiana Code of Criminal Procedure article 930.3.[13]

On or about October 25, 2012, Josey filed another motion to correct an illegal sentence in the state district court.[14]  He also submitted a request for production of documents.  The state district court denied the motion to correct illegal sentence and granted in part the motion requesting documents on January 31, 2013.[15]  The Louisiana Fourth Circuit denied his related

---

[10] State Rec., Vol. 1, District court order denying motion to correct illegal sentence, 2/7/08.

[11] State Rec.,  Vol. 2, Petition for writ of mandamus, No. 2008-K-0421, dated March 31, 2008.

[12] State Rec., Vol. 2, *State v. Josey*, 2008-K-0421 (La. App. 4th Cir. May 21, 2008) (unpublished writ ruling).

[13] *State ex rel. Josey v. State*, 2008-KH-1446 (La. 3/27/08), 5 So.3d 137; State Rec. Vol. 2

[14] State Rec., Vol. 2, Motion to correct illegal sentence dated October 25, 2012.

[15] State Rec., Vol. 2, District court Judgments, 1/31/13.

supervisory writ application on March 8, 2013.[16]  The Louisiana Supreme Court denied relief

based on procedural grounds on September 27, 2013.[17]

On February 5, 2014, Josey filed his federal application for *habeas corpus* relief.[18] In his

petition, Josey claims that the state courts erred in denying his ineffective assistance of counsel

claim and that he was denied the right to counsel for post-conviction proceedings.  The State

argues that the federal application is untimely.  For the following reasons, the Court finds the

petition to be untimely.

## II.  *Discussion*

A.  *Timeliness - Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

U.S.C. § 2241 *et seq*., governs the filing date for this action because Josey filed his *habeas*

petition after the AEDPA's effective date.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138

L.Ed.2d 481 (1997).   Title 28 U.S.C. § 2244(d) provides, in pertinent part:

(1)     A 1–year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a
State court. The limitation period shall run from the latest of—

---

[16] State Rec., Vol. 2, *State v. Josey*, 2013-K-0261 (La. App. 4th Cir. Mar. 8, 2013).

[17] *State ex rel. Josey v. State*, 2013-KH-0788 (La. 9/27/13), 123 So.3d 718; State Rec., Vol. 2.

[18]  Rec. Doc. No. 1, Petition. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed the petition on February 5, 2014, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue

6

direct review expires).

> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir.2008).

As outlined in the procedural history, Josey pleaded guilty on October 20, 1998. He was sentenced as a multiple offender on January 11, 1999. Josey's convictions and sentences became final five (5) days later, on January 18, 1999,[19] because he did not appeal or seek reconsideration of the sentence.[20] La. C.Cr.P. art. 914; *Butler*, 533 F.3d at 317. Accordingly, the applicable time-period to file his federal application for *habeas corpus* relief with respect to

---

[19] In 1999, Louisiana Code of Criminal Procedure articles 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal a conviction or sentence. In Louisiana, all Sundays are legal holidays and all Saturdays are, depending on the locality, either holidays or half-holidays. La. R.S. 1:55(A). In 1999, January 16 was a Saturday and January 17 was a Sunday. Therefore, the Court will not count these two days against Josey when calculating the date his convictions became final.

[20] Louisiana law provides that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief. *State v. Crosby*, 338 So.2d 584, 588 (La.1976). Where grounds do exist, Louisiana law at the time required the defendant to move for leave to appeal within five days of the judgment being appealed or of a ruling on a timely motion to reconsider a sentence. La. C.Cr.P. art. 914 (prior to amendment La. Acts 2003, No. 949, § 1 extending the time-period to thirty days). Petitioner's failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La.1985).

his state criminal judgment commenced on that date and expired one year later on January 18, 2000. Josey did not file his federal petition in this Court until February 5, 2014. Therefore, the petition is clearly untimely unless an alternate provision or tolling applies.

Josey has not expressly argued for delayed commencement under any particular subsection of § 2244(d). However, the State notes that to the extent one of Josey's claims may arguably assert a state impediment to his filings, namely that prison officials allegedly "failed to provide competent assistance from persons trained in the law to assist [him] in timely investigation and filing of [his] claims to the state and federal courts,"[21] he is not entitled to delayed commencement on these grounds. The Court agrees that Josey has failed to allege facts that demonstrate he was prevented by unconstitutional state action from filing this action sooner. *See* 28 U.S.C. § 2244(d)(1)(B).

Subsection (B) delays commencement of the one-year limitations period for filing a writ of *habeas corpus* until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action ..." 28 U.S.C. § 2244(d)(1)(B). "In order to invoke § 2244(d)(1)(B), a prisoner must show that: (1) he was prevented from filing a petition (2) by State action, (3) in violation of the Constitution or federal law." *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir.2003).

To the extent Josey implies that Louisiana's failure to provide competent inmate

---

[21] Rec. Doc. No. 1, Petition, p. 10.

counsel amounted to State action which prevented him from timely filing his state post-conviction application as well as his federal *habeas* petition, the claim is without merit. Subsection (B) only applies in the context of an impediment created by unconstitutional state action. State prisoners have no constitutional right to either an attorney or "inmate counsel" in state post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). The Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance," but only a "right of access to the courts." *Lewis v. Casey*, 518 U.S. 343, 350–51, 116 S.Ct. 2174, 2179–80 (1996). To show an impediment which would trigger the later commencement date for the one-year period, Josey must demonstrate that the State actually prevented him from exercising his right of access to courts to attack his conviction, and that the impediment created by the State was unconstitutional because it was not "reasonably related to legitimate penological interests." *Id.* at 361. Josey has not alleged, much less shown, that the State failed to provide an adequate law library or that he was otherwise prevented from either representing himself or hiring his own post-conviction counsel. *See Manning v. Sumlin*, 540 F. App'x 462 (5th Cir. Oct. 10, 2013). In short, the Court finds nothing that would have prevented Josey from filing a petition for post-conviction relief before the AEDPA's one-year statute of limitations expired.

In the absence of any showing that an inadequacy in prison legal resources actually prevented him from preparing or filing a post-conviction challenge to his conviction, or that such inadequacy caused the late filing of his federal petition, Josey has failed to demonstrate

that §2244(d)(1)(B) is the appropriate statutory trigger for the federal limitations period.[22]

Therefore, under Subsection (A), the one-year limitation period began to run when Josey's

conviction became final on January 18, 1999.

B. *Statutory tolling*

Section 2244(d)(2) tolls the limitations period during the pendency of a properly filed

application for state collateral relief.  However, the record reflects that Josey had no such

applications pending before the state courts during the applicable one-year period (i.e. January

18, 1999 through January 18, 2000).  His first state application for post-conviction or other

collateral review was his motion to correct an illegal sentence that he filed through counsel on

August 5, 2003.  This pleading provides him no tolling benefit, however, because it was filed

after expiration of the one-year federal limitations period. *See Scott v. Johnson*, 227 F.3d 260,

263 (5th Cir.2000).  Once the federal limitations period expired, there was nothing to toll.

---

[22] To the extent Josey may attempt to rely on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) to excuse his failure to comply with the federal limitations bar, the Court notes that any such argument is misplaced. *See* Rec. Doc. 1, p. 9. *Martinez* did not address or provide an excuse for the untimely filing of a federal *habeas* petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir.2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Smith v. Rogers*, No. 14–0482, 2014 WL 2972884, at *1 (W.D.La. July 2, 2014); *Falls v. Cain*, No. 13–5091, 2014 WL 2702380, at *3 (E.D. La. June 13, 2014) (Order adopting Report). *Martinez* certainly does not suggest that states in effect are required to appoint pre-filing counsel for all inmates following their convictions to assure the timely filing of state—much less federal—petitions.

*Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008).[23] Consequently, Josey is not entitled to any tolling credit under § 2244(d)(2).

C. *Equitable tolling*

The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling only if a petitioner shows that despite diligently pursuing his rights a rare or extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace v. DiGuglielmo*, 544 U.S. 408, 418–19 (2005); *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir.2002). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002).

Even if this Court were to construe Josey's claim with regard to the prison's failure to provide him with competent legal assistance as an argument in support of equitable tolling, he has failed to demonstrate sufficient circumstances to justify equitable tolling under §2244(d)(1). Presumably, Josey contends that his lack of knowledge of the law and *pro se* status qualify as "extraordinary circumstances" to toll the statute of limitations. However, the mere fact that he is not educated in the law or is acting on his own behalf does not warrant

---

[23] Similarly, the events that occurred in the state courts subsequent to the date the federal limitations period expired are irrelevant. The writ grant that *temporarily* set aside his guilty plea occurred well after the one-year limitations period had run. And the ruling was of no consequence in any event because it was immediately reversed by the court of appeal and Josey's convictions and sentences were ultimately reinstated.

11

equitable tolling. *Sutton v. Cain*, 722 F.3d 312, 316–17 (5th Cir.2013); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir.2002) ("[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."); *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999)("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."); *see also Smallwood v. Cain*, 12-2812, 2013 WL 5757663, at *10 (E.D. La. Oct. 23, 2013) ("The fact that Smallwood is not educated in the law or is reliant upon assistance from inmate counsel on post-conviction does not warrant equitable tolling."). On the record presented, the Court finds no compelling reason that would have prevented him from complying with the statutory time limit.

Accordingly, for the reasons expressed, the Court finds that Josey's federal application was filed after the one-year limitations period expired. He has failed to demonstrate that tolling principles render his petition timely. Therefore, his federal *habeas* petition should be dismissed with prejudice as untimely.

## RECOMMENDATION

**IT IS RECOMMENDED** that Petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[24]

New Orleans, Louisiana, this 27th day of _____ February _____, 2015.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.